## HEIDE v. WALLACE & CO.

(Circuit Court, D. New Jersey. May 6, 1904.)

**1. UNFAIR COMPETITION—GROUNDS FOR EQUITABLE RELIEF.**

The use by one manufacturer to designate his product of a name previously in use by another does not alone constitute unfair competition, but, to justify a court of equity in interfering, there must also be such an imitation of display or dressing as to deceive purchasers into buying defendant's goods for those of complainant; fraud being the practical basis of any such relief.

**2. SAME—FACTS CONSIDERED.**

Complainant manufactures and sells in five-cent packages a small confection, composed chiefly of liquorice, under the name of "Liquorice Pastilles." They are of diamond shape, and have embossed thereon the letters "H–H." Defendants make and sell a similar article under the same name, having the same size, color, and shape, and the letter "W" embossed thereon. *Held,* that none of such facts, nor all together, entitled complainant to an injunction on the ground of unfair competition, the name being descriptive, and having been previously used by others in substantially the same form, and neither the shape of the confection, nor the embossing of letters thereon, having originated with complainant; there being no attempt by defendants to imitate his packages.

In Equity. Suit for unfair competition. On final hearing.

William Raimond Baird and Stephen J. Cox, for complainant.
Louis C. Raegener, for defendant.

ARCHBALD, District Judge.[1]  This is a suit for alleged unfair competition. The complainant is successfully engaged in the manufacture of candies and confections, among which is one, the principal ingredient of which is liquorice, attractively flavored, and put up in the form of small diamond-shaped lozenges, embossed with his monogram "H–H." These lozenges he denominates and has extensively advertised as "Liquorice Pastilles," and has chiefly sold them in small packages or boxes, which retail at 5 cents each. As at present on the market, the

¶ 1. Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

[1] Specially assigned.

coloring upon these boxes is mixed red, blue, and gilt, with the plaintiff's name prominently displayed upon them to indicate their origin. The defendants also manufacture similar diamond-shaped confections, on which the letter "W" is embossed, and which are put up in the same-sized packages, also labeled "Liquorice Pastilles." The plaintiff contends that this invades his rights, and has therefore brought suit to restrain their infringement, and compel the defendants to account in damages for the trade unfairly diverted from him.

After a careful consideration of the various cases bearing on the subject, the conclusion was reached in Draper v. Skerrett (C. C.) 116 Fed. 206, that, to justify a court of equity in interfering in an alleged case of unfair competition, there must be something more than the mere duplication by the one party of the other's trade-name, and that this was to be found in the deceptive use of imitative methods of display, or other device by which the public are led into buying the infringer's goods where they intended to buy those of the original producer; the fraud so perpetrated being a legitimate ground for equitable interference, and the practical basis of it. It is by this standard that the complainant's right to relief in the present instance must be judged. Stevens Linen Works v. Don & Co. (C. C.) 121 Fed. 171; Allen B. Wrisley Co. v. Iowa Soap Co., 122 Fed. 796, 59 C. C. A. 54.

Ten different points of resemblance between the plaintiff's goods and those put out by the defendants are claimed. They have, as it is said, the same name, "Liquorice Pastilles;" the same diamond shape; the same embossing of letters; the same mint flavor; the same diminutive size; the same black color; the same combination of gum and liquorice; the same retail price, 5 cents; the same-sized box or package; and practically much the same lettering thereon. But many of these are forced, if not fanciful, and relate to matters which the complainant could not expect, under any circumstances, to monopolize. His contention must be made out, if at all, on the use by the defendants of the words "Liquorice Pastilles" to designate their confections, and the adoption of the diamond form, bearing an embossed initial letter, together with any points of imitative display of which they may be guilty. If these do not establish unfair competition, there is nothing shown that will; the only significance of the others being as possible makeweights to strengthen that idea. But analyzing the matter still further, it is difficult to see how the plaintiff can claim the right to prohibit other manufacturers from putting up this confection in diamond form, any more than in a square, cube, oval, or drop. It is true that he has adopted a diamond with his initials, "H–H," as a trade-mark, and has denominated his goods, of which he has a great variety, "Diamond Confectionery;" but this does not give him a monopoly of that particular shape, even if he was the first to employ it for liquorice compounds, which he was not. Neither can he prevent others from stamping or embossing an initial letter thereon, so long as it does not imitate the monogram "H–H," which distinguishes his productions. This device has been employed for the purpose of marking their goods by others in the same trade, including the defendants, fully as long, if not longer, than the complainant. Furthermore, except as these so-called pastilles are sold in bulk, neither the form nor the lettering is brought to the attention of

purchasers until after they have bought them; and while both, no doubt, even so, might aid in an intended deception, it has to be initially induced and practically accomplished by the outside of the package, as addressed to the eye of the customer, which is thus controlling.

The case, in this view, is brought down to the use by the defendants of the words "Liquorice Pastilles," and the manner they have taken to dress their packages. But so far as the former is concerned, the plaintiff has shown no exclusive right in the words "Liquorice Pastilles" to designate this class of goods. Liquorice is a well-known article of commerce; and "pastille," a French diminutive, meaning a little piece of paste; and the two combined make a descriptive term in no way particularly distinctive of the goods which the plaintiff manufactures, any more than others. But conceding, for the sake of argument, that if the plaintiff was the first to employ the term, and had worked up a trade under it, so that it had become specially indicative of his goods, others might be compelled to abstain from their use, the fact is that he was not the originator of the name, which was used, by not one, but several, before and contemporaneously with him, applied to exactly the same character of confections. As early as 1869, and for upwards of 20 years after that, the Roworth Manufacturing Company sold small pieces of liquorice under the name of "Pastilles de Paris," and Duche & Sons for 12 or 14 years past have sold round pieces stamped with an eagle, and known as "Flexible Liquorice Pastilles." "Pastilles de reglisse," which is the French for "liquorice," made by Florent & Co., of Avignon, France, have been imported into this country for upwards of 20 years; and they are also made by Warric Bros., of Paris, and by Wilkenson & Co., of London, but for just how long does not appear. In the face of this demonstration, it cannot be successfully contended that the term "Liquorice Pastille," which has been in such long and familiar use, is distinctive of the plaintiff's manufacture. It is only when he adds his name and trade-mark that we have anything that is, and these the defendants in no way imitate. Neither do they the style or coloring with which he dresses out his package. This is in mixed red and blue, set off with gilt, with the diamond trade-mark—

Red represented by black.
Gold represented by shaded lines ||||||||
Blue represented by stipple
White as shown.

prominently displayed; while the defendant's package is predominantly yellow, with an entirely different style of lettering in red, shaded with white on a black background, with their name written below. There is

nothing whatever to suggest an attempt to catch the unwary purchaser, and inveigle him into taking the one when he was seeking the other; nor could the most careless be deceived, except as he was in reality unconcerned as to which he got. It does not seem to me that, having regard to these considerations, the complainant has a vestige of a case or that the doctrine with respect to unfair competition could be made to apply to it, except by a most unwarranted extension and strain. Undoubtedly the complainant has extensively advertised these goods, and it may be that the defendants are reaping some of the benefit of it. But so long as he has seen fit to do so, employing the common and ordinary name of "Liquorice Pastilles," he must take the ill results with the good. He certainly cannot expect to enjoy a monopoly based solely on that which he did not create.

What has been said with respect to the 5-cent boxes applies with even greater force to the larger packages and the sales in bulk. Without stopping to particularly discuss that feature of the case, this reference will show that it has not been overlooked.

Let a decree be drawn dismissing the bill, with costs.