LAMONT, CORLISS & CO. v. HERSHEY.

(Circuit Court, M. D. Pennsylvania. November 7, 1905.)

No. 14.

1. TRADE-MARKS AND TRADE-NAMES—UNFAIR COMPETITION—GROUNDS FOR RELIEF.

To make out a case of unfair or fraudulent competition there must be an actual wrongful intent to deceive the public into the belief that the goods of the one party are the goods of the other, accompanied by such acts and devices as are likely to do so, or such duplication in form and dress of the one by the other as will produce a confusion calculated to

bring this about, of which the party complained against is convicted of being willing to have the benefit.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, §§ 79–86.

Unfair competition, see notes to Scheuler v. Muller, 20 C. C. A. 165; Lare v. Harper Bros., 30 C. C. A. 376.]

2. SAME—PRELIMINARY INJUNCTION.

On an application for a preliminary injunction against alleged unfair competition in the dress of goods, it should be clear that the complainant has an established and exclusive right to pack and dress his goods in the way he asserts, on which the defendant is deceptively trying to trade.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, § 108.]

3. SAME—DRESS OF CHOCOLATE.

The showing made of unfair competition, based on the alleged similarity in shape and style of packages and color and style of wrappers in which chocolate is put up for the market by complainants and defendant, respectively, *held* insufficient to warrant the granting of a preliminary injunction.

In Equity. Suit for unfair competition. On motion for preliminary injunction.

Frederick S. Duncan, for complainants.

John C. Johnson and John E. Snyder, for defendant.

ARCHBALD, District Judge. To make out a case of unfair or fraudulent competition—an effort, in other words, to steal the trade built up by another—there must be an actual wrongful intent to deceive the public into the belief that the goods of the one party are the goods of the other, accompanied by such acts and devices as are likely to do so, or such duplication in form and dress of the one by the other as will produce a confusion calculated to bring this about, of which the party complained against is convicted of being willing to have the benefit. Elgin Watch Co. v. Illinois Watch Co., 179 U. S. 665, 21 Sup. Ct. 270, 45 L. Ed. 365; Coats v. Merrick Thread Co., 149 U. S. 562, 13 Sup. Ct. 966, 37 L. Ed. 847; Howe Scale Co. v. Wyckoff, 198 U. S. 118, 25 Sup. Ct. 609, 49 L. Ed. 972; Reddaway v. Banham (1896) App. Cases 199; Draper v. Skerrett (C. C.) 116 Fed. 206; Stevens Linen Works v. Don (C. C.) 121 Fed. 171; Allen B. Wrisley Co. v. Iowa Soap Co., 122 Fed. 796, 59 C. C. A. 54; Heide v. Wallace (C. C.) 129 Fed. 649; American Clay Mfg. Co. of Pennsylvania v. American Clay Mfg. Co. of New Jersey, 198 Pa. 189, 47 Atl. 936. An inference to this effect is justified where, on the party's attention being called to the subject, he unreasonably persists in holding to the imitative dress which he has given to his goods, however innocently intended, at the outstart. Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118; Van Houten v. Hooton Cocoa Co. (C. C.) 130 Fed. 600. But in all this, deception, likely and intended, either actively or constructively, must exist before there is ground for interference. The basis claimed for it here is the alleged similarity in shape and size of packages and color and style of wrappers in which the common commodity—milk chocolate, extensively manufactured by both parties—is put up. But the elements of the combination by themselves, whatever may be said

of them in conjunction, are of the most common and ordinary character, and the connection in which they are employed entirely obvious and natural. Chocolate has long been put up in flat, oblong pieces, as well as in rounds or squares; and that one party has hit upon a convenient size in which these are inclosed, retailing at a certain price, by no means stands in the way of another's adopting it. Chocolate or maroon colored wrappers, moreover, are a very natural suggestion for a chocolate product, and gilt or silver lettering is about all that will show on it. I do not mean to say that in what has thus been brought together by the complainants there may not be ground for the monopoly which they claim, justifying the charge of imitation and infringement on the part of the defendant which is made. There is no doubt considerable chance for confusion on the part of a careless public in the points of resemblance alluded to, as the incidents brought forward by the complainants go to show. But where, in order to make out a case for relief, dependence is placed on things so common as those which we have here, which are ordinarily open to anyone to use, which may be innocently employed, and which, with different manufacturers laying claim to various modifications, it is not easy to entirely avoid, on application for a preliminary injunction it should be clear that the complainants have an established and exclusive right to pack and dress their goods in the way they assert, on which the defendant is deceptively trying to trade. I do not wish to say too much at this stage of the case, lest I should prejudge that which may be subsequently proved. But, on the other hand, I am not willing to take an advanced position, as it seems to me I am asked to do, which may not be able to be sustained. As the case now stands, there is nothing, so far as I can see, to show that, whatever use has been made by the complainants of the size and shape of packages and the color and style of wrappers which they employ, the confection which they sell will not be taken by the public just as readily in another kind of dress, or that the one has become so identified with the other that any one who adopts it is necessarily convicted of trying to steal their trade. The defendant's goods are plainly and conspicuously marked with his name, as the complainants' are with theirs, and while it is true that both are in gilt letters, the lettering, as well as the accompanying decoration, is distinct and different in each. As to the croquette size package, with respect to which there is the strongest showing and the greatest complaint, the defendant avers that he has stopped its manufacture for some time, and although this might not be sufficient to stay the action of the court, if a clear case of infringement was made out, it is not without its weight here.

Under all the circumstances, I am not convinced that this is a case for a preliminary injunction, and the motion is therefore refused.